IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANTE MOSBY,                                )
                                             )
        Plaintiff,                           )
                                             )
        v.                                   )
                                             )
WEXFORD HEALTH SOURCES, INC.,                )      Case No. 3:14-cv-699-DGW
SALVADORE A. GODINEZ, JAMES                  )
FENOGLIO, MARC HODGE, VIPIN K.               )
SHAH, M.D., MARK BAKER, CHRISTINE            )
BROOKS, and ELAINE                           )
HARDY-BURCHAM,                               )
                                             )
        Defendants.                          )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Dismiss for Plaintiff's Failure to Prosecute

filed by Defendants Wexford Health Sources, Inc., ("Wexford"), James Fenoglio, M.D., Vipin

Shah, M.D., Mark Baker, D.O., Christine Brooks, and Elaine Hardy-Burcham ("Wexford

Defendants") (Doc. 119).   For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

**PROCEDURAL BACKGROUND**

On December 9, 2013, Plaintiff, through retained counsel, filed his complaint pursuant to

42 U.S.C. § 1983 alleging his constitutional rights were violated while he was in the custody of the

Illinois Department of Corrections ("IDOC"), incarcerated at Lawrence Correctional Center

("Lawrence").   More specifically, Plaintiff's complaint alleges that medical and prison staff

members at Lawrence were deliberately indifferent in failing to provide surgery for Plaintiff's

inguinal hernia (*See* Docs. 1 and 69).

On September 21, 2015, counsel for Plaintiff sought leave to withdraw from this matter

Page **1** of **5**

citing a telephone conversation in which Plaintiff informed counsel that he no longer wished to be represented by him or his firm (*See* Doc. 103).   The Court took counsel's motion to withdraw under advisement, directing Plaintiff to file a response to said motion stating whether he agreed with counsel's representations (*See* Doc. 104).   Plaintiff was advised that if counsel was allowed to withdraw from this matter he was under an obligation to obtain new counsel within 21 days or he would be proceeding *pro se* (*Id.*).   Plaintiff never filed a response to the motion to withdraw and, as such, it was granted on November 10, 2015 (*See* Doc. 109).   No attorney has filed a notice of appearance on behalf of Plaintiff since his former counsel was allowed to withdraw.

Defendants Baker, Brooks, Fenoglio, Hardy-Burcham, Shah, and Wexford filed a motion for summary judgment on November 16, 2015 (Doc. 111) and Defendants Godinez and Hodge filed a motion for summary judgment on January 11, 2016 (Doc. 117).   Plaintiff's responses to Defendants' motions were due on December 21, 2015 and February 16, 2016, respectively. Subsequently, Defendants Baker, Brooks, Fenoglio, Hardy-Burcham, Shah, and Wexford filed the motion to dismiss for lack of prosecution that is now before the Court (Doc. 119).   Plaintiff's response to this motion was due April 7, 2016.

On June 16, 2016, the Court ordered Plaintiff to show cause why his failure to meet Court deadlines, including failing to file responses to Defendants' motions for summary judgment, should be excused (*See* Doc. 125).   Plaintiff filed a response to the Court's show cause order on July 14, 2016, explaining that his incarceration has limited his ability to obtain "the proper paperwork" and obtain new counsel (Doc. 126).   Although Plaintiff's response was meager, the Court accepted Plaintiff's response and, *sua sponte*, granted Plaintiff an extension of time, up to and including August 12, 2016, to file his responses to Defendants' motions for summary judgment.   On August 12, 2016, Plaintiff filed a motion to continue the trial date, which was moot

as the trial date was vacated in March, 2016, while the Court was awaiting a response to

Defendants' motions for summary judgment (*See* Docs. 124 and 131).   As of the date of this

Order, Plaintiff has not filed a response to Defendants' motions for summary judgment or the

Wexford Defendants' motion to dismiss.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of an action for

failure to prosecute an action or to comply with court orders.   Pursuant to Rule 41(b), an action

may be dismissed "when there is a clear record of delay or contumacious conduct, or when other

less drastic sanctions have proven unavailing."   *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir.

2003) (quoting *Williams v. Chicago Bd. Of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other

citations omitted).   The Seventh Circuit has identified several factors a court should consider

before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the
> responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's
> lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the
> delay caused to the defendant; the merit of the suit; and the consequences of
> dismissal for the social objectives that the litigation represents.   *Aura Lamp &
> Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Though dismissal is left up to the discretion of District Courts, said Courts are strongly

encouraged to provide an explicit warning before a case is dismissed; especially where the litigant

is *pro se*.   *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006); *see also In re

Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

Based on a review of the record and upon consideration of the applicable law, it is

recommended that this action should be dismissed for failure to prosecute.   First, Plaintiff has

exhibited disregard for court orders.   In particular, Plaintiff was directed to file a response to his

former counsel's motion to withdraw, but failed to do so.   Moreover, Plaintiff has failed to file responses to Defendants' pending motions for summary judgment and motion to dismiss, despite being provided ample time, opportunity, and notice.   Indeed, Plaintiff has not engaged in litigation in any meaningful way since counsel was allowed to withdraw in November, 2015. Accordingly, Defendants' dispositive motions have remained pending for a significant period of time (over eight months), with no response from Plaintiff.   Due to Plaintiff's abject failure to substantively engage in this litigation, follow this Court's directions, and provide responses to the pending dispositive motions, the Court finds that Defendants would be prejudiced if this matter were to proceed at this point.   While the Court notes there are lesser sanctions available, such sanctions would be unavailing as it appears that Plaintiff has lost interest in litigating this matter.

For the above-mentioned reasons, and after consideration of the relevant factors cited by the Seventh Circuit regarding involuntary dismissal, the Court finds that there has been a clear record of delay and contumacious conduct in this matter and dismissal is warranted pursuant to Rule 41(b).

## CONCLUSION

For the reasons set forth above, Defendant Baker, Brooks, Fenoglio, Hardy-Burcham, Shah, and Wexford's Motion to Dismiss for Failure to Prosecute (Doc. 119) is **GRANTED**; Defendant Baker, Brooks, Fenoglio, Hardy-Burcham, Shah, and Wexford's Motion for Summary Judgment (Doc. 111) is **MOOT**; and Defendant Godinez and Hodge's Motion for Summary Judgment (Doc. 117) is **MOOT**.   This case is **DISMISSED WITH PREJUDICE**.   The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants and against Plaintiff, and close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED: September 19, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**